UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GREEN TREE SERVICING, LLC,    )
    )
        Plaintiff    )
    )
      vs.    )    CAUSE NO. 3:13-CV-482 RLM
    )
CYNTHIA S. DAMRON,    )
    )
        Defendant    )

<u>OPINION and ORDER</u>

On June 23, 2013, the court held a hearing on the motion of Green Tree Servicing, LLC to remand this action to the Elkhart Superior Court. Green Tree argued that Cynthia Damson's removal of the case to this court was improper because (i) removal was untimely, (ii) the underlying state court foreclosure action raised no federal question to support federal jurisdiction, (iii) no federal agency or officer of the United States was a party to the action, and (iv) as an Indiana citizen and state court defendant, Ms. Damron couldn't rely on diversity jurisdiction as a basis for removal. Based on its consideration of the parties' written submissions and arguments at the hearing, the court granted Green Tree's motion for remand and for an award of fees and costs and afforded Green Tree fourteen days to submit a specific request for the fees and costs it incurred in connection with the motion for remand. Green Tree filed its fee request, Ms. Damron filed her objections, Green Tree filed its reply, and the motion is ripe for the court's consideration. Also before the court is Ms. Damron's July 17 motion for

reconsideration pursuant to Federal Rules of Civil Procedure 54(b) and 59, in which she claims the court's grant of Green Tree's remand motion contained errors of fact that led to inescapable errors of law. That motion is ripe for review, as well.

*Motion for Reconsideration*

Federal Rule of Civil Procedure 59(e) allows a court to alter or amend a judgment based on newly discovered evidence or when the judgment reflects a manifest error of law or fact. Smith v. Schwartz, No. 10-721, 2012 WL 1600559, at *1 (S.D. Ill. May 7, 2012). Rule 59(e) motions aren't vehicles to introduce evidence or advance arguments that could or should have been presented before the entry of judgment, Egonmwan v. Cook County Sheriff's Dep't, 602 F.3d 845, 852 (7th Cir. 2010), and a manifest error of law or fact under Rule 59(e) isn't shown by the losing party's disappointment, but, instead, "is the wholesale disregard, misapplication, or failure to recognize controlling precedent." Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000); Smith v. Schwartz, 2012 WL 1600559, at *1. To prevail, then, Ms. Damron must either present newly discovered evidence or establish a manifest error of law or fact.

Ms. Damron claims the court committed errors of law and fact in finding that Green Tree is a party plaintiff entitled to relief against her.[1] Ms. Damron

---

[1] Ms. Damron argues in her motion to reconsider that GMAC Mortgage LLC continues as a party and/or plaintiff in this case. The record shows that Green Tree was substituted for GMAC as the plaintiff in the foreclosure action in April 2013, before removal to this court, *see* Removal

maintains Fannie Mae is the real party in interest and a necessary party for just adjudication; she says she didn't learn that fact until April 22, 2013, so her May 22 removal notice was timely. According to Ms. Damron, Green Tree is "prohibited by operation of law and preempted by federal law and Congressional Act from possessing and controlling the disposition of an asset belonging to and owned by Fannie Mae and from collecting monies owed to Fannie Mae." Mot., at 7. She says "only the FHFA as conservator of and for Fannie Mae can appear in any proceedings involving the rights and interests of Fannie Mae, and Green Tree has, by operation of law and as a matter of law, no authority to appear in these proceedings and/or to possess and control the disposition of that which Congress has entrusted to the FHFA as conservator for Fannie Mae." Mot., at 12. Ms. Damron concludes that because the issue of the "real party in interest" is still in dispute, Green Tree isn't entitled to any relief, including the granting of its motion to remand.

Ms. Damon's arguments aren't new – she advanced the same arguments in response to Green Tree's motion to remand. As the court noted at the hearing, Ms. Damron hasn't provided any support for her claim that she has removed only the claims of the complaint and not those of her counter/cross/third-party claims. Her plan to ask the court, "once removal is complete," to exercise supplemental jurisdiction over her counterclaim under 28 U.S.C. § 1367 isn't a solution to the

---

Notice, Exh. 3 [docket # 2], so the court views Green Tree as the only plaintiff in this action.

prohibition against removing only a portion of the case from the state court. *See* In re Mutual Fund Market-Timing Litigation, 468 F.3d 439, 444 (7th Cir. 2006) ("Cases are removed, or not, as units."); Stark-Romero v. National R.R. Passenger Co., 763 F. Supp. 2d 1231, 1274 (D.N.M. 2011) ("The court also believes that the removal process does not grant to a defendant the authority to rearrange litigation to reflect its preferences by carving the litigation up into howsoever many separate cases it prefers to have proceeding in different courts simultaneously."); Gibson v. City of Glendale Police Dep't, 786 F. Supp. 1452, 1455 (E.D. Wis. 1992) ("For purposes of [28 U.S.C. § 1441(a)], the term "civil action" has generally been construed to include all claims and causes of action—not just a portion of them.").

Ms. Damron hasn't identified any federal issue that only became ascertainable with the substitution of Green Tree as the plaintiff in the foreclosure action and continues to argue that Green Tree's "admission" that Fannie Mae owns the loan here at issue created federal jurisdiction over the state court mortgage foreclosure action. As the court noted at the hearing, the inclusion of Fannie Mae in an action doesn't confer federal jurisdiction on its own, *see* Carter v. Watkins, No. WDQ-12-2813, 2013 WL 2139504, at *4 (D. Md. May 14, 2013) ("Fannie Mae's charter does not provide a source of federal jurisdiction."); Hookano v. Washington Mut. Bank, Inc., No. CIV-S-08-751, 2010 WL 4623956, at *2 (E.D. Cal. Nov. 4, 2010) ("Because Frannie Mae is a private corporation, it cannot create federal law. Thus, plaintiff has not raised a federal question and the court also declines to exercise subject matter jurisdiction on that ground."), the

4

appointment of the FHFA as conservator doesn't transform Fannie Mae into a government entity, *see* Herron v. Fannie Mae, 857 F. Supp. 2d 87, 96 (D.D.C. 2012) ("[A] conservator or receiver steps into the shoes of the private entity – it assumes the private status of the entity. . . . Fannie Mae was a private entity; when FHFA took over as conservator of Fannie Mae, it stepped into Fannie Mae's private role. In sum, FHFA as conservator of Fannie Mae is not a government actor."); Bernard v. Federal Nat'l Mortg. Ass'n, No. 12-14680, 2013 WL 1282016, at *6 (E.D. Mich. Mar. 27, 2013) (concluding that the "FHFA's conservatorship of Fannie Mae does not and cannot transform a private corporation into a government actor . . . because FHFA, as conservator, merely 'steps into the shoes' of Fannie Mae, a private corporation"), and "mortgage foreclosure [is] proper for state court determination, not federal court." Hilgeford v. Peoples Bank, 776 F.2d 176, 179 (7th Cir. 1985); *see also* Badgerland Farm Credit Servs. v. Williams, No. 10-cv-109, 2010 WL 2545784, at *1 (W.D. Wis. June 18, 2010) ("Mortgage foreclosure cases are relegated traditionally to state law.").

Ms. Damron insists that Fannie Mae is the real party in interest and Green Tree has "an obligation" to add Fannie Mae as a party and "seek relief in the name of the real party in interest." Mot., at 3. Ms. Damron's claim in this regard ignores applicable Indiana law, which permits the holder of a negotiable instrument or a nonholder in possession of the instrument who has the rights of a holder to prosecute a foreclosure action. IND. CODE § 261-13.1-301; Lunsford v. Deutsche Bank Trust Co. Americas as Trustee, No. 30A01-1302-MF-63, 2013 WL 5297254,

5

at *5 (Ind. Ct. App. Sept. 20, 2013) ("[I]t is well-established that a promissory note secured by a mortgage is a negotiable instrument."). Green Tree has produced evidence that Mortgage Electronic Registration Systems, Inc., as nominee for GMAC Mortgage Corporation, assigned the mortgage and note executed by Cynthia S. Damron to GMAC Mortgage, LLC, *see* Compl., Exh. C [docket # 1], and that GMAC Mortgage, LLC assigned its rights in the note and mortgage to Green Tree. *See* Mot. to Remand, Exh. C [docket # 9]. Thus, Green Tree, as the holder of the note and mortgage, has the legal right to enforce the note and foreclose on the mortgage.

Ms. Damron contends, too, that "[o]nly the FHFA as conservator of and for Fannie Mae can appear in any proceedings involving the rights and interests of Fannie Mae." Mot., at 12. Her argument ignores the applicable statute – 12 U.S.C. § 4617(b), entitled "Powers and duties of the Agency as conservator or receiver" – which provides that the Agency **may** "take over the assets of and operate the regulated entity . . . and conduct all business of the regulated entity," "collect all obligations and money due the regulated entity," and "preserve and conserve the assets and property of the regulated entity." 12 U.S.C. § 4617(b)(2)(B) (emphasis added); *see also* <u>Town of Babylon v. Federal Housing Fin. Agency</u>, 699 F.3d 221, 225 (2d Cir. 2012) ("In 2008, the FHFA appointed itself as the conservator of Fannie Mae and Freddie Mac pursuant to authority granted by 12 U.S.C. § 4617."). Ms. Damron has cited no authority designating the FHFA as the sole

6

entity permitted to appear in proceedings involving Fannie Mae's rights and interests.

Ms. Damron also asserts that Indiana law "requires that an action in equity to foreclose on a home mortgage must be brought and maintained by the 'mortgagee'." Mot., at 4. Contrary to Ms. Damron's claim, Indiana Code § 32-30-10-3 provides that in the case of a default in the performance of any condition of a mortgage, "the mortgagee or the mortgagee's assigns may proceed in the circuit court of the county where the real estate is located to foreclose the equity of redemption contained in the mortgage." Section 32-30-10-3 doesn't limit pursuit of a foreclosure action to the mortgagee.

Ms. Damron hasn't carried her burden of presenting newly discovered evidence, establishing that the court disregarded, misapplied, or failed to recognize controlling precedent, or demonstrating that jurisdiction in this court is proper under 28 U.S.C. § 1331 or 28 U.S.C. § 1332. Ms. Damron's motion for reconsideration must be denied.

*Request for Fees and Costs*

Green Tree has filed its request for fees and costs pursuant to 28 U.S.C. § 1447(c), which allows for recovery of "actual expenses, including attorney fees, incurred as a result of the removal." Under Section 1447(c), a party may be awarded costs and fees "as soon as the process of removal is undertaken and until

and including the process of remand." <u>Tenner v. Zurek</u>, 168 F.3d 328, 330 (7th Cir. 1999). "The purpose of a fee-shifting statute, such as § 1447(c) is to make the victorious party whole, as opposed to punishing the party filing the losing action. Section 1447(c) only allows recovery of actual fees incurred as a result of pleading against removal." <u>Towne v. American Family Mut. Ins. Co.</u>, No. 1:09-cv-814, 2010 WL 680344, at *6 (S.D. Ind. Feb. 22, 2010); *see also* <u>Wisconsin v. Hotline Indus., Inc.</u>, 236 F.3d 363, 367 (7th Cir. 2000) (likening Section 1447(c) to Federal Rule of Civil Procedure 37(a)(4), "the fee-shifting rule requiring the loser in certain discovery disputes to pay his opponent's legal expenses. Both rules contemplate that the victor should recoup his full outlay."); <u>Garbie v. DaimlerChrysler Corp.</u>, 211 F.3d 407, 411 (7th Cir. 2000) ("Unjustified removal complicates and extends litigation; the American Rule requires parties to bear their expenses in one set of courts, but when their adversary wrongfully drags them into a second judicial system the loser must expect to cover the incremental costs.").

Green Tree supports its fee request with the affidavit of James M. Boyers, an attorney with the firm of Wooden & McLaughlin LLP of Indianapolis, Indiana, who represents Green Tree in these proceedings. Mr. Boyers explains that his hourly rate is $225.00 and the hourly rate of his associate, Leah B. Silverthorn who also represents Green Tree in these proceedings, is $185.00. Mr. Boyers says those rates "are well within the market range for this type of work." Mr. Boyers explains further that counsels' summary of time doesn't include all the time they spent addressing the petition for removal, but, instead, "reflects a reduction in the

8

amount of actual time spent." Boyers Aff., ¶¶ 6, 7. Green Tree requests attorneys' fees in the total amount of $6,975.50, plus costs for electronic research and mileage totaling $160.41.

Ms. Damron objects to Green Tree's fee request because, according to Ms. Damron, Green Tree isn't the real party in interest and so is precluded from bringing a motion for relief in this court. Ms. Damron claims Green Tree has "misrepresented itself to this court as being a party and plaintiff in these proceedings when as a matter of law Green Tree is prohibited from representing the rights and interests of Fannie Mae because Fannie Mae is under a federal conservatorship." Obj., ¶ 8. She also claims Green Tree has been "actively engaged in unfair and deceptive mortgage servicing practices, unscrupulous and unfair debt collection practices and impermissible self-dealing." Obj., ¶ 9. Ms. Damron asks that the affidavit of Green Tree's counsel be stricken because, she says, he and his firm don't represent and aren't authorized to represent Fannie Mae, the true plaintiff in this matter. Obj., ¶ 12. Ms. Damron concludes that "Green Tree is not entitled to recover its fees while engaged in misconduct, misrepresentation and conducts prejudicial to the administration of justice." Obj., ¶ 10.

The court granted Green Tree's motion for remand and, as already discussed, has determined that Ms. Damron isn't entitled to the relief she seeks in her reconsideration motion. The court rejects Ms. Damron's argument that Green Tree isn't entitled to an award of fees because it isn't the real party in interest. In addition, Ms. Damron's unsupported accusations that Green Tree has

engaged in unspecified misconduct and "appear[s] to be actively engaged in unfair and deceptive mortgage servicing practices, unscrupulous and unfair debt collection practices and impermissible self-dealing," Obj., ¶ 9, aren't well-taken; her scurrilous claims are without support in the record and have no relation to the issue of the amount of attorneys' fees to be awarded to Green Tree for defending against an improper removal.

Alternatively, Ms. Damron challenges certain entries on Green Tree's fee request.

1. Ms. Damron says the amount of time claimed for two attorneys to analyze, draft, revise, and finalize five or six documents, while incurring fees for use of Lexis legal research, is "unreasonable and disproportionate to the level and degree of professional competence necessary to complete the required tasks." Obj., ¶ 13.

Although Ms. Damron objects to the amount of time spent by Green Tree attorneys to prepare filings, she offers nothing further – no suggestion of how many hours should have been expended or how many hours would have been reasonable – and, as a result, hasn't demonstrated why those hours should be discounted.

2. Ms. Damron claims the three telephone calls placed to counsel for Reisenfeld & Associates, named as a defendant in Ms. Damron's third-party complaint, were unnecessary and beyond the scope of what was required of Green Tree. Obj., ¶ 13.

Reisenfeld & Associates is a named party in the foreclosure action that Ms. Damron sought to remove to this court. Because case law doesn't support Ms. Damron's effort to remove only the claims of the plaintiff's complaint to this court and not the claims of her counter/cross/third-party complaint(s), three telephone calls – totaling a half-hour – between counsel for the various parties to coordinate their efforts relating to the motion to remand hearing wasn't unnecessary or beyond the scope of what was required of counsel for Green Tree. Ms. Damron's objection to these charges is overruled.

3. Ms. Damron says Green Tree's billing for three hours of hearing and pre-hearing preparation time by its counsel "is inordinate, unreasonable and disproportionate to the level and degree of professional competence necessary." Obj., ¶ 14.

Ms. Damron claims that three hours of time for Green Tree's counsel  to prepare for the hearing on its motion to remand isn't within the "degree of professional competence necessary," but, again, she offers nothing further – she hasn't suggested how many hours should have been spent preparing for the hearing or how much preparation time would have been reasonable. Because Ms. Damron hasn't demonstrated why those hours were unreasonable, her objection is overruled.

4. Lastly, Ms. Damron argues that billing for "travel time" at counsel's full hourly rate, plus mileage, is unreasonable because, she asserts, "it is simply incredulous to assert that being in transit to one's next scheduled appointment

11

is a professional service provided to a client," especially when counsel could have appeared telephonically as he had done in the state court proceedings. Obj., ¶ 15.

Ms. Damron's argument that counsel could have mitigated his travel expenses by appearing telephonically for the hearing is misplaced. This court doesn't conduct telephonic hearings on cases filed in (or removed to) the South Bend Division of this court, so that option wasn't available to counsel for Green Tree. The hearing on Ms. Damron's motion necessitated that Green Tree's counsel travel from his office in Indianapolis to South Bend and back again, spending six hours on the road that, most likely, would have been better spent on other matters. That counsel was required to appear in person renders his time "a professional service provided to a client," and Ms. Damron's objection is overruled.

Green Tree has provided support for the fees and expenses it incurred in preparation for and participation in the hearing on its motion to remand. The court concludes that Green Tree's request is reasonable and Green Tree is entitled to recover the fees and expenses requested.

*Conclusion*

Based on the foregoing, the court DENIES Ms. Damon's motion for reconsideration [docket # 23] and GRANTS the motion of Green Tree Servicing, LLC for an award of fees [docket # 22] in the amount of $6,975.50 and expenses of $160.14.

SO ORDERED.

ENTERED:   <u>October 9, 2013</u>


<u>    /s/ Robert L. Miller, Jr.              </u>
Judge, United States District Court